CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for
RKa
APR 07 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLAUDE LINDEN ROSE, ) | |
| Petitioner, ) | Civil Action No. 7:06CV00176 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| SHERIFF RANDY FISHER, ) | By: Hon. Jackson L. Kiser |
| Respondent. ) | Senior United States District Judge |

Claude Linden Rose, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rose challenges the validity of his conviction in the Circuit Court for the County of Albemarle. For the following reasons, the court concludes that Rose has failed to exhaust available state court remedies. Therefore, the court must dismiss his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

On November 21, 2003, Rose was convicted of obtaining more than $200.00 under false pretenses. Rose was sentenced to a total term of imprisonment of ten years. Rose alleges that he appealed his conviction and sentence to the Supreme Court of Virginia. On March 25, 2005, Rose's petition for appeal was refused.

Rose executed the instant petition on March 23, 2006. Rose argues that his defense attorney was ineffective for (1) failing to adequately prepare his case, (2) failing to contact witnesses, and (3) "bas[ing] his defense upon his summation." Rose indicates that he is "presently filing a habeas petition in the Supreme Court of Virginia," which includes the same claims. Rose notes that he "reserved" his ineffective assistance claims for the habeas petitions.

---

[1]Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

## DISCUSSION

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

In this case, it is undisputed that Rose's present claims have not been adjudicated by the Supreme Court of Virginia. Therefore, he has failed to fully exhaust available state court remedies, as required by 28 U.S.C. § 2254(b). For this reason, Rose's petition must be dismissed.[2]

The Clerk is directed to send certified copies of this Memorandum Opinion and the

---

[2] The petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is advised, however, that his time to file a state or federal habeas petition is now limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

accompanying Order to the petitioner and counsel of record for the respondent.

**ENTER:** This 7th day of April, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge